**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JOYCE ODDO, ) | |
| ) | CASE NO.  5:12-cv-00532 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | **REPORT & RECOMMENDATION** |
| ) | |
| Defendant. ) | |

Plaintiff Joyce Oddo ("Oddo") challenges the final decision of the Commissioner of Social Security, Michael J. Astrue ("Commissioner"), denying Oddo's claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381 *et seq*.  This matter is before the Court pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b).

For the reasons set forth below, it is recommended that the final decision of the Commissioner be VACATED and the case REMANDED.

**I.  Procedural History**

On June 15, 2009, Oddo filed an application for SSI alleging a disability onset date of June 1, 2009.  Her application was denied both initially and upon reconsideration.

On April 5, 2011, an Administrative Law Judge ("ALJ") held a hearing during which Oddo, represented by counsel, and an impartial vocational expert ("VE") testified.  On April 29, 2011, the ALJ found Oddo was able to perform a significant number of jobs in the national economy and, therefore, was not disabled.  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied further review.

## II. Evidence

*Personal and Vocational Evidence*

Age fifty-three at the time her application was filed, Oddo was a "person closely approaching advanced age" under social security regulations. *See* 20 C.F.R. § 416.963(d). She has a limited education and past relevant work as a telemarketer. (Tr. 26-27.)

## III. Standard for Disability

A claimant may be entitled to receive SSI benefits when she establishes disability within the meaning of the Act. 20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524 (6th Cir. 1981). To receive SSI benefits, a claimant must meet certain income and resource limitations. 20 C.F.R. §§ 416.1100 and 416.1201.

The entire process entails a five-step analysis as follows: First, the claimant must not be engaged in "substantial gainful activity." Second, the claimant must suffer from a "severe impairment." A "severe impairment" is one which "significantly limits ... physical or mental ability to do basic work activities." Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets a required listing under 20 C.F.R. § 404, Subpt. P, App. 1, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000). Fourth, if the claimant's impairment does not prevent the performance of past relevant work, the claimant is not disabled. For the fifth and final step, even though the claimant's impairment does prevent performance of past relevant work, if other work exists in the national economy that can be performed, the claimant is not disabled. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

## IV. Summary of Commissioner's Decision

The ALJ found Oddo established medically determinable, severe impairments, due to seizure disorder, bipolar disorder, affective disorder and borderline intellectual functioning; however, her impairments, either singularly or in combination, did not meet or equal one listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 18.) Oddo was found incapable of performing her past relevant work, but was determined to have a Residual Functional Capacity ("RFC") for a

full range of work at all exertional levels with a number of non-exertional limitations.  (Tr. 20, 26.)  The ALJ then used the Medical Vocational Guidelines ("the grid") as a framework and VE testimony to determine that Oddo was not disabled.

### V.  Standard of Review

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v. Perales*, 402 U.S. 389 (1971).

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (*citing Mullen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached.  *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).")  This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.  *Mullen*, 800 F.2d at 545 (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal.  *See, e.g.,White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th  Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if

3

supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.")

### VI. Analysis

*Listing 12.05(C)*

In her sole assignment of error, Oddo argues that the ALJ erred by not appropriately considering or analyzing whether she met or equaled Listing 12.05(C). (ECF No. 15 at 10-13.)

At step three, the burden of proof for establishing that an impairment meets or equals the requirements of a listing rests with the claimant. *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). To meet a listed impairment, a claimant must satisfy all of the criteria in the listing. *See Roby v. Comm'r of Soc. Sec.*, 48 Fed. Appx. 532, 536 (6th Cir. 2002) (*citing Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987)).

Listing 12.05, 20 C.F.R. Pt. 404, Subpt. P, App. 1, states, in pertinent part:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C or D are satisfied.
>
> \*\*\*
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 *and* a physical or other mental impairment imposing an additional and significant work-related limitation or function;

*Id*. (Emphasis added). Under each mental retardation listing, including Listing 12.05(C), a claimant must establish that her impairment: (1) satisfies the "diagnostic description in the introductory paragraph *and* any one of the four sets of criteria." 20 C.F.R. pt. 404, Subpt. P, App. 1, § 12.00(A) (emphasis added). If a claimant does not show that his impairment satisfies the diagnostic description for mental retardation, then he cannot be found disabled. *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001); *accord Cox v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 143719 (E.D. Tenn. Sept. 7, 2012); *Green v. Astrue*, 2012 U.S. Dist. LEXIS 92685 at \*8 (S.D. Ohio July 5, 2012). "Plaintiff bears the burden of showing he had 'deficits in adaptive

4

functioning' before age 22." *Cox v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 143719 (E.D. Tenn. Sept. 7, 2012) (*citing Foster*, 279 F.3d at 354.)

Based on the above, it is clear that to satisfy Listing 12.05(C), a claimant must demonstrate: (1) valid verbal, performance, or full scale IQ of 60 through 70; (2) an additional and significant work-related limitation or function; and, (3) evidence of deficits in adaptive functioning initially manifested before age 22. *See, e.g., Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 491 (6th Cir. 2010).

### 1. Valid IQ Score

Oddo argues that because there was a valid IQ score of 65, the ALJ was required by law to perform a specific analysis as to whether she satisfied the mental retardation listing. (ECF No 15 at 12-13.) The ALJ's analysis consisted of the following:

> Finally, the "paragraph C" criteria of listing 12.05 are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

(Tr. 20.)

With respect to the first requirement, Oddo asserts that the ALJ erred by finding that there was not a valid IQ score between 60 and 70. (ECF No 15 at 11.) The Commissioner concedes that there was a valid IQ score within the listing range, but argues that the ALJ's finding was merely a drafting mistake or omission because the ALJ later discussed the qualifying IQ score of 65. (ECF No. 17 at 10-11.) Indeed, later in the opinion, the ALJ makes explicit reference to intelligence testing performed by Leon Howard, Ph.D., P.C.C., noting "that it was determined that [Oddo] had a full scale IQ of sixty-five, placing her at the deficient range of adult intellectual ability." (Tr. 24.) "The Court of Appeals for the Sixth Circuit has previously instructed that the 'findings and conclusions of the Commissioner are reviewed by this court in the context of the record as a whole.'" *Peters v. Astrue*, 2010 WL 3087418 (E.D. Tenn. July 16, 2010) *report and recommendation adopted*, 2010 WL 3087415 (E.D. Tenn. Aug. 4, 2010) (*quoting Gribbins v. Comm'r Soc. Sec.*, 37 Fed. App'x 777, 779 (6th Cir. 2002)).

The Court agrees with the Commissioner that the ALJ's "finding" that there was not a

qualifying score was merely an inadvertent drafting mistake. The ALJ's subsequent discussion clearly illustrated that he accepted the qualifying IQ score as valid. Nonetheless, the ALJ's finding that Oddo did not meet or equal all of Listing 12.05(C) requires substantial supporting evidence that Oddo failed to satisfy the remaining criteria involving other physical or mental limitations.

### 2. Physical or Other Mental Impairment Imposing Significant Limitation(s)

To meet Listing 12.05(C), in addition to having a qualifying IQ score, a claimant must also suffer from a separate physical or mental impairment that imposes an additional and significant work-related limitation or function. The ALJ's brief analysis can only be construed as finding that Oddo did not have such additional limitations, especially if the Court credits the Commissioner's argument that the finding with respect to Oddo's IQ score was merely an error in drafting. Therefore, the question is what constitutes "an additional and significant work-related limitation of function?" The regulations state as follows:

> For paragraph C, we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental ability to do basic work activities, *i.e.*, is a "severe" impairment(s), as defined in §§ 404.1520(c) and 416.920(c)6. If the additional impairment(s) does not cause limitations that are "severe" as defined in §§ 404.1520(c) and 416.920(c), we will not find that the additional impairment(s) imposes "an additional and significant work-related limitation of function," even if you are unable to do your past work because of the unique features of that work.

20 C.F.R. Part 404, Subpt. P, App. 1, § 12.00A.

Here, the ALJ found that, in addition to borderline intellectual functioning, Oddo also had "severe" impairments of seizure disorder, bipolar disorder, and affective disorder. (Tr. 18.) Thus, the ALJ acknowledges that Oddo suffered from a physical impairment as well as two other mental impairments. Based on the Social Security Administrations own regulation cited above, an impairment that is "severe" necessarily constitutes a significant additional limitation. *See, e.g., Breitenstein v. Astrue*, 2011 WL 1235018 (S.D. Ohio Jan. 6, 2011) *report and recommendation adopted sub nom. Breitenstein v. Comm'r of Soc. Sec.*, 2011 WL 1234902 (S.D. Ohio Mar. 30, 2011) (finding that because the ALJ's decision itself acknowledges the existence of additional severe impairments – stuttering and depression/anxiety – these findings satisfy

Listing 12.05(C)'s requirement of an "additional and significant work-related limitation of function.")  Since the ALJ already found these other impairments to be "severe," which necessarily means the impairments significantly limit a claimant's ability to do basic work activities, the ALJ's subsequent finding – that Oddo did not suffer from other physical or mental impairment imposing an additional and significant work related function – is not supported by substantial evidence.  *See* 20 C.F.R. §§ 404.1520(c) and 416.920(c).  The Court does recognize, however, that in the Sixth Circuit even a *de minimis* impact on a claimant's ability to perform basic work activities requires a finding that an impairment is "severe."[1]  *See Halcomb v. Bowen*, No. 86-5493, 1987 WL 36064, at *3 (6th Cir. May 27, 1987); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89-90 (6th Cir. 1985); *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 691-92 (6th Cir. 1985).

In addition, assuming *arguendo* that finding an impairment is "severe" at Step Two does not mandate a *per se* finding that such an impairment imposes a significant work related limitation under Listing 12.05(C), the ALJ should, at least, discuss the distinction between the two.  Here, the ALJ accommodated what appear to be significant work related limitations by finding that Oddo could "only occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; [and] must avoid exposure to hazardous machinery and heights ...."  (Tr. 20.) The ALJ made no attempt to explain why these work related limitations would not be necessitated by one of Oddo's impairments other than borderline intellectual functioning. Indeed, these limitations seem most logically aligned with her seizure disorder.

### 3. Deficits in Adaptive Functioning Manifested Before Age 22

The Commissioner primarily asserts that the evidence of record fails to support a finding that Oddo's subaverage intellectual functioning manifested prior to age 22, a requirement that must be satisfied in order to meet or equal Listing 12.05.  (ECF No. 17.)  Essentially, the Commissioner presents a harmless error argument, citing evidence of record that would tend to

---

[1] The regulations describe a severe impairment in the negative:  "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1521(a), 416.921(a).

demonstrate a lack of such deficits before age 22.[2] *Id.*

Oddo, while admitting it is not overwhelming, contends that there is evidence that could support such a finding. (ECF No. 18 at 5.) This includes her testimony that she failed to finish high school. (Tr. 461.) Furthermore, Oddo contends that she did not attend special education classes or participate in an individualized education program between the ages of 18 to 21, solely because none were available when she attended school prior to 1973. (Tr. 98-99, 114.) Oddo also points this Court to case law suggesting that an individual's mental abilities are presumed to be consistent through life absent head trauma, disease, or aging. (ECF No. 18 at 5.)

One district court within this circuit has noted as follows:

> In *Hodges v. Barnhart*, 276 F.3d 1265 (11th Cir.2001), the Eleventh Circuit held that there was a rebuttable presumption that the claimant had manifested deficits in adaptive functioning before the age of 22 if a claimant has established a valid IQ score between 60 and 70. That Court found that "IQ tests create a rebuttable presumption of a fairly constant IQ throughout her life." *Hodges*, 276 F.3d at 1268. And when the *Hodges* case is reviewed, this Court will note that it has been cited through[out] the federal system with approval, albeit not by any courts in the Sixth Circuit.

*Jones v. Comm'r of Soc. Sec.*, 2009 WL 3498809 (W.D. Mich. Oct. 26, 2009); *cf. Lyons v. Comm'r of Soc. Sec.*, 2008 WL 4057858 (W.D. Mich. Aug. 28, 2008) ("[A]bsent evidence that Lyons' IQ may have changed after age 22, the fact that Lyons had IQ scores in the 60s after age 22 leads to the conclusion that his IQ before age 22 was in the 60s as well.) (*citing Pearson v. Comm'r of Soc. Sec.*, 2008 WL 2325617, *2-3 and *6 (W.D.Mich. May 19, 2008)).

The Commissioner contends that Oddo quit high school only when she became pregnant, did not attend special education classes, and worked for three years as a telemarketer. (ECF No.

---

[2] The Commissioner also argues that Oddo made no offer of proof either at the administrative hearing level or in her appeal, and appears to suggest that Oddo's argument should be ignored as it was unexhausted. (ECF No. 17 at 13.) The Commissioner cites no law suggesting such an exhaustion requirement exists in administrative proceedings. "SSA regulations do not require issue exhaustion." *Sims v. Apfel*, 530 U.S. 103, 108 (2000); *accord Fury v. Comm'r of Soc. Sec.*, 5:11-cv-1660, 2012 WL 4475661 at *2 (N.D. Ohio Sept. 26, 2012). Moreover, Oddo's counsel raised Listing 12.05 in both a pre-hearing brief and in a brief supporting her appeal. (Tr. 449-53.) As such, the Court finds no merit in this aspect of the Commissioner's argument.

17 at 14-16, citing Tr. 98, 177, 358, 466, 469.)

The ALJ did *not* address whether the evidence provided by Oddo was sufficient to satisfy the requirement of deficits in adaptive functioning initially manifested before age 22. Though the Commissioner's arguments that Oddo does not satisfy the threshold requirement of Listing 12.05 are not entirely unpersuasive, counsel's argument cannot cure a deficient opinion by offering explanations never offered by the ALJ. As this Court has previously noted, "arguments [crafted by defense counsel] are of no consequence, as it is the opinion given by an administrative agency rather than counsel's 'post hoc rationale' that is under the Court's consideration." *See, e.g., Bable v. Astrue*, 2007 U.S. Dist. LEXIS 83635, 27–28 (N.D. Ohio, Oct. 31, 2007) (*citing NLRB v. Ky. River Cmty. Care, Inc.*, 532 U.S. 706, 715, n. 1, 121 S.Ct. 1861, 149 L.Ed.2d 939, (2001)); *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir.1996) ("we cannot uphold a decision by an administrative agency ... if, while there is enough evidence in the record to support the decision, the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result."); *cf. Johnson v. Sec'y of Health & Human Servs.*, 794 F.2d 1106, 1113 (6th Cir. 1986) (rejecting Defendant's post hoc rationale that obesity is per se remediable where there was no factual basis or findings of fact in the record to support such an argument). As explained in another case from within this district with largely similar facts, "to complete the analysis that the Commissioner is suggesting [concerning deficits prior to age 22] at this time – to apply the facts of this case to Listing 12.05(C) for the *first time* and conclude that it does not apply [–] would be a de novo review. As such, this Court is constrained from considering the argument." *Fury*, 2012 WL 4475661 at *3 (emphasis in original).

### VII. Decision

For the foregoing reasons, the Court finds the decision of the Commissioner not supported by substantial evidence. Accordingly, the decision of the Commissioner should be VACATED and the case REMANDED, pursuant to 42 U.S.C. § 405(g) sentence four, for further proceedings consistent with this Report and Recommendation.

s/ Greg White  
United States Magistrate Judge

Date: December 10, 2012

**OBJECTIONS**
Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**